UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

**Hon. Hugh B. Scott**

v.

11CR390A

**Report
&
Recommendation**

DARRYL PEOPLES,

Defendant.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 4).  The instant matter before the Court is defendant's omnibus motion seeking (among other relief) suppression of evidence from vehicle stop and from execution of a search warrant of his apartment, 539 Plymouth Street, Buffalo, New York (Docket No. 17).  This Court separately addressed the non-dispositive, discovery relief sought in this motion (Docket No. 28).

The Government made a timely response (Docket No. 18), to which defendant replied (Docket No. 19).  The motion was argued on June 18, 2012 (text minute entry, June 18, 2012; cf. text minute entry June 12, 2012 (attempted argument of motion)).  The Government then produced the search warrant application and recording of the issuing magistrate's proceeding for in camera inspection.  Defendant, on July 10, 2012, submitted his unsigned affidavit regarding standing to challenge the searches at issue in his motions (Docket No. 25 (defense attorney's affirmation with attached unsigned affidavit, in anticipation of filing signed affidavit)).  The motion was deemed submitted as of July 10, 2012 (Docket No. 23).  Defendant then submitted

an executed affidavit (Docket No. 26) and his attorney's affirmation (Docket No. 27 (cover

affirmation for signed affidavit of defendant, same as Docket No. 26, the signed version of

Docket No. 25)) in further support of his motion to suppress.

## BACKGROUND

Defendant was charged with two counts of possession with intent to distribute cocaine

base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and use of premises to manufacture, use

and distribute cocaine base, in violation 21 U.S.C. § 856(a)(1), on December 7, 2011.

At issue here are two searches.  First, Government agents obtained a search warrant to

search and seize evidence from 539 Plymouth St., the "lower rear apartment".   Upon executing

that warrant, agents found a yellow plate containing 27.7 grams of crack cocaine on a bathroom

scale, powder cocaine, marijuana, glass containers containing crack cocaine residue (Docket

No. 18, Gov't Response ¶ 2).  The Government claims that the evidence was lawfully seized

pursuant to that warrant (id. ¶ 19).

Defendant seeks a Franks[1] hearing, claiming that he has made a preliminary showing that

search warrant application affidavit was false or made with reckless disregard of truth.  The

warrant described the address to be searched as "539 Plymouth Street - Lower Rear Buffalo, New

York," with the word "Lower" stricken and in handwriting (presumably the judge's) was inserted

"Upper" (Docket No. 17, Def. Atty. Affirm. ¶ 8).

Next, defendant was stopped in his car at the corner of Fargo Avenue and School Street,

Buffalo, New York.  On December 7, 2011, defendant arranged to meet with the informant to

sell cocaine.  DEA agents then established surveillance of defendant from his house on Pine

---

[1]Franks v. Delaware, 438 U.S. 154 (1978).

Ridge Terrace, Cheektowaga, New York, driving into Buffalo in his car.  (Docket No. 18, Gov't

Response ¶ 3.)  Agents stopped the car at Fargo and School, believing that defendant was in route

to his drug transaction rendevous and arrested defendant for attempting to engage in a controlled

substance transaction with the informant (id. ¶¶ 3, 20).  The Government claims that a search of

the vehicle pursuant to this arrest occurred and .67 grams of crack cocaine and 1.5 grams of

cocaine were found in a magnetic keyholder attached to the car (id.).  Following the arrest DEA

task force officer Daniel Redmond advised defendant of his Miranda[2] rights and defendant said

that he understood them and he stated that there "was nothing on Plymouth" in response to

learning of the search warrant for that property (id. ¶ 4).  The Government concludes that the

search was lawful because the agents believed that the vehicle contained crack cocaine (id. ¶ 21).

Defendant contends that no arrest warrant was issued as to him and the search warrant

only was for his apartment and not for his car (Docket No. 17, Def. Atty. Affirm. ¶ 5).  More than

a hour prior to executing the search warrant at Plymouth Street, defendant claims that agents kept

him under surveillance and stopped his car, detained him, and towed his car to the DEA garage

where it was searched by K-9 dog (id. ¶ 6).  The search of the car revealed cocaine that was

found in a magnetic keyholder secreted underneath the car (id. ¶ 7).

Defendant also seeks a suppression hearing for statements he made during and

subsequent to that stop.  The Government contends that defendant made voluntary statements to

the agents following his lawful arrest (Docket No. 18, Gov't Response ¶ 21; see Docket No. 19,

Def. Reply ¶ 3), denying that defendant sought a suppression hearing as to his statements (Docket

No. 18, Gov't Response ¶ 21).

---

[2]Miranda v. Arizona, 384 U.S. 436 (1966).

In his latter affidavit, defendant claims to have standing for the search of his residence at 539 Plymouth (Docket No. 26, Def. Aff. ¶ 3), denying giving consent to search that apartment (id. ¶ 4).  He also claims standing for the Ford Explorer that was stopped and searched by the police (id. ¶ 5).  He denies that there was probable cause to stop that vehicle and denies giving the police permission to search it (id. ¶ 7).  He claims that he was illegally detained when his vehicle was stopped and that he did not voluntarily give any statements (id. ¶ 8).

## DISCUSSION

I.      Search Warrant

Defendant points to various infirmities to the warrant application that, at a minimum, should justify conducting a Franks hearing or should require that evidence seized under that warrant be suppressed.  The warrant was for an "upper rear" apartment that did not exist at 539 Plymouth, which was a front-rear double (rather than an upper-lower) (see Docket No. 17, Def. Atty. Affirm. ¶ 9).  He notes that an Assistant District Attorney did not sign the application indicating that it was reviewed by that office prior to being presented to the judge (id. ¶ 71), but cf. N.Y. Crim. Proc. L. §§ 690.05(1), 690.35(1) (search warrant application made by a public servant, defined in § 690.05(1) as a "police officer, a district attorney or other public servant acting in the course of his official duties").  The warrant application here was signed by Detective Garcia, hence the form for review by an assistant district attorney is unnecessary.  He complains that, when the warrant was executed, defendant's landlady on the premises during the entry was not shown the warrant and that agents "swarmed" the landlady's car and swore at her to get out (Docket No. 17, Def. Atty. Affirm. ¶ 10).  The agents then went to the wrong house and began to search there, then smashed down the door to the front apartment of 539 Plymouth Street, and let

themselves in with a key to the rear apartment of the latter premises (<u>id.</u> ¶ 11).  The warrant was

issued based upon the statement of a confidential informant that he recently was there and

purchased drugs from defendant there (<u>id.</u> ¶ 8, Ex. A); defendant claims that he might know who

the informant was and discredits that informant due to his multiple felonies and facing charges

and incarceration (<u>id.</u> ¶ 12).

A.    <u>Franks</u> Hearing

Defendant raises two grounds for holding a <u>Franks</u> hearing.  First, he points to the manner

in which the warrant was executed.  Second, he claims that the reliability of the informant used

was questionable, that the agents were reckless in their presentation of the informant's testimony

to the judge, and a review of the audio recording of that warrant application proceeding is

necessary (Docket No. 19, Def. Atty. Reply ¶ 5).

Defendant presents only the <u>manner</u> in which the warrant was executed rather than

challenging the truth of assertions for issuance of the warrant.  Defendant submits in support of

his motion the affidavit of his landlady, Ms. Vega, who described the manner of the entry and

search of defendant's premises (Docket No. 19, Ex.).  The manner of the execution of a search

warrant does not provide a basis to hold a <u>Franks</u> hearing to determine whether false or recklessly

presented untruths were given in support of authorizing the warrant.  Other courts have found

that these are two different issues for possible suppression, the basis for issuing the search

warrant and the manner of its execution, <u>e.g.</u>, <u>United States v. Worjloh</u>, No. 03-CR-240, 2006

U.S. Dist. LEXIS 39143, at *13-18, *18-23 (E.D.N.Y. June 13, 2006); <u>United States v. Abbell</u>,

963 F. Supp. 1178, 1181 (S.D. Fla. 1997).  As noted by the Government (Docket No. 18, ¶¶ 25-

26), defendant fails to show that false statements or omissions were made to warrant a <u>Franks</u>
hearing.

   Defendant alternatively seeks to hear the audio recording of the warrant application
proceeding.  No audio recording was presented for <u>in camera</u> review; instead, a single, redacted
page of handwritten notes (presumably by the issuing judge) summarized the facts about the
informant and that person's statement.  These notes identify the location (539 Plymouth, lower
rear), describe it exterior paint and trim, the date and time of the interview, that the informant
claimed to have purchased one ounce of crack cocaine for $1,250 from "Chicago" with a notation
of "photo" (possibly meaning that the informant was shown a photograph and identified
"Chicago" from that photo).  The seller was identified as being black male with hazel eyes, 5' 10"
tall, weighing 215-20 pounds, 42 years old, known by the informant for ten years.  The informant
claimed that he purchased from "defendant" in the past at that location, stating that he saw
defendant enter the "back lower" unit to get stash while the informant waited outside.  The
informant then stated that he had pending criminal possession of controlled substance ("CPCS")
charges against him and that he was not a paid informant.

   Under <u>Franks</u>, <u>supra</u>, 438 U.S. 154, a defendant is entitled to a hearing upon a substantial
preliminary showing that (1) the warrant affidavit contained a false statement, (2) the false
statement was included intentionally or recklessly, and (3) the false statement was integral to the
probable cause finding (Docket No. 18, Gov't Response ¶ 25).

   Defendant fails to show that a false statement was made in applying for this warrant or
that a false statement was part of the probable cause finding.  He merely "strongly questions the
reliability of the informant and submits that law enforcement was reckless in presenting the

6

informant's testimony to a Judge" (Docket No. 19, Def. Atty.  Affirm. ¶ 5).  Without more,

defendant has not established the existence of any falsehood or what that false statement was to

the judge.  Defendant's motion for a <u>Franks</u> hearing thus should be **denied**.

      B.        Suppression of Search Warrant Disclosed Evidence

      The Fourth Amendment to the United States Constitution provides that no search warrant

"shall issue, but upon probable cause, supported by Oath or affirmation, and particularly

describing the place to be searched, and the persons or things to be seized," U.S. Const.

amend. IV; <u>see</u> Fed. R. Cr. P. 41(d)(1)(warrant issues upon a judge receiving an affidavit "or

other information").  Probable cause is required for issuance of a search warrant, <u>e.g.</u>, <u>United

States v. Salameh</u>, 152 F.3d 88, 112-13 (2d Cir. 1998), with probable cause determined on the

totality of circumstances, <u>see</u> <u>United States v. Wagner</u>, 989 F.2d 69, 71-72 (2d Cir. 1993); <u>Illinois

v. Gates</u>, 462 U.S. 213, 238 (1983).  This totality "must present the magistrate with '[s]ufficient

information . . . to allow that official' to make the necessary determinations; 'his action cannot be

a mere ratification of the bare conclusions of others.'  <u>Illinois v. Gates</u>, 462 U.S. [213,] 239,"

<u>United States v. Clark</u>, 638 F.3d 89, 97 (2d Cir. 2011) (emphasis in original removed).  The

totality of circumstances includes the veracity and basis of knowledge of persons supplying

hearsay information to the affiant applying for the warrant, <u>Gates</u>, <u>supra</u>, 462 U.S. at 238; <u>United

States v. Love</u>, No. 10CR6116, 2012 U.S. Dist. LEXIS 67385, at *20 (W.D.N.Y. May 14, 2012)

(Payson, Mag. J.).  In evaluating the totality of circumstances, "the court may consider whether

the information an informant provides is corroborated by independent police investigation.

<u>United States v. Canfield</u>, 212 F.3d 713, 719-20 (2d Cir. 2000).  Information provided by a

known, reliable confidential informant may be sufficient to establish probable cause, especially

7

where law enforcement officers have corroborated the information," <u>Love</u>, <u>supra</u>, 2012 U.S. Dist. LEXIS 67385, at *21.  Information from a known informant, as opposed to an anonymous tipster, is generally entitled to more credence, <u>id.</u> (citing <u>United States v. Salazar</u>, 945 F.2d 47, 50-51 (2d Cir. 1991), <u>cert. denied</u>, 504 U.S. 923 (1992)).  An informant's participation in supervised drug purchases is "'powerful corroborative evidence for purposes of determining probable cause,'" <u>id.</u> (quoting <u>Wagner</u>, <u>supra</u>, 989 F.2d at 73).  The probable cause determination of the issuing magistrate is given great deference by this Court on a suppression motion, <u>Gates</u>, <u>supra</u>, 462 U.S. at 236.

The Government contends that the seizure from 539 Plymouth was based upon a search warrant that was supported by probable cause, based upon information from a reliable confidential informant who had made purchases from that address previously (Docket No. 18, Gov't Response ¶¶ 22-23).  The Government argues that the warrant identified the place to be searched, 539 Plymouth, Upper, Rear, with particularity (<u>id.</u> ¶ 24).

But defendant contends, in addition to the lack of probable cause and defects in the warrant application and warrant discussed above in support of a <u>Franks</u> hearing (<u>see</u> Docket No. 17, Def. Atty. Affirm. ¶ 70), that the warrant application was for the "lower rear" apartment when no such thing existed; the warrant was edited to strike out "lower" and "upper" was written in (<u>id.</u> ¶ 71).

The United States Court of Appeals for the Second Circuit recently held that the search of one apartment based upon a search warrant did not justify the search of a neighboring apartment, <u>United States v. Voustianiouk</u>, No. 12-4420, 2012 U.S. App. LEXIS 14317 (2d Cir. July 12, 2012).  In discussing whether the authorization to search one apartment justifies searching

8

another, the court stated that Fourth Amendment challenges "to warrants that contain partial misdescriptions of the place to be searched" have been consistently rejected "so long as the officer executing the warrant could 'ascertain and identify the target of the search <u>with no reasonable probability of searching another premises in error</u>,'" <u>id.</u> at *13 (quoting <u>Velardi v. Walsh</u>, 40 F.3d 569, 576 (2d Cir. 1994) (quoting in turn <u>United States v. Valentine</u>, 984 F.2d 906, 909 (8th Cir. 1993))). The Second Circuit rejected the argument that inaccuracies or ambiguities in a warrant as necessarily rendering the warrant invalid under the Fourth Amendment, <u>id.</u> at *13-14 (citations omitted).

Here, the search warrant was for 539 Plymouth Street, with the particular apartment name changed on the warrant, naming defendant as the occupant of the apartment to be searched. The fact that agents initially searched the wrong apartment and then searched defendant's apartment does not render the search unconstitutional.

From review of the totality of the circumstances presented here, including review of the <u>in camera</u> search warrant materials, and giving great deference to the issuing magistrate's determination in the first instance, <u>Gates</u>, <u>supra</u>, 462 U.S. at 236, there **was probable cause for issuance of this search warrant**. The judge heard testimony from an informant that he determined to be reliable, who provided details of the operation and testified to engaging in drug transactions at the site searched. The record does not have any statement of the reliability of the informant, save his statement to applying Detective John Garcia that the informant had made purchases from defendant at that address before, described the address, and pointed it out to Garcia and another detective (<u>see</u> Docket No. 18, Gov't Response, Ex. A, search warrant application). Although defendant complains that there is no indication that the informant

9

purchased drugs <u>inside</u> the apartment at 539 Plymouth (Docket No. 17, Def. Atty. Affirm. ¶ 70), the notes from the warrant application proceeding indicate that defendant went inside to get the stash while the informant waited outside for delivery.  Therefore, defendant's motion to suppress the materials seized pursuant to the warrant based upon a lack of probable cause for that warrant should be **denied**.

II.       Stop of Vehicle and Subsequent Search

Defendant argues that there was no basis for the traffic stop, that the agents lacked a lawful reason to stop the car (Docket No. 19, Def. Reply ¶ 3; <u>see</u> Docket No. 26, Def. Aff. ¶ 7).  Absent either an arrest warrant for him or a search warrant including his car, he concludes that there was no basis for the stop (Docket No. 17, Def. Atty. Affirm. ¶ 66).

The Government argues that the confidential source provides sufficient probable cause to justify the warrantless stop because the Government agents had probable cause to believe that contraband existed in that vehicle since defendant was driving to meet with the confidential informant to sell him that contraband (Docket No. 18, Gov't Response ¶¶ 19-21).

A warrantless search of an automobile has been found to be reasonable, <u>e.g.</u>, <u>United States v. Ross</u>, 456 U.S. 798 (1982), provided that this search is supported by probable cause.  In <u>Arizona v. Gant</u>, 556 U.S. 332 (2009), the prosecution argued that agents believed that the stopped vehicle contained evidence of the offense of arrest (Docket No. 18, Gov't Response ¶ 21), <u>id.</u> at 335, 337, 351.  This search revealed cocaine found in a pocket of a jacket in the backseat of that vehicle, <u>id.</u> at 335.  The Supreme Court disagreed, since the offense that defendant was stopped for was a traffic violation (driving with a suspended license, <u>id.</u>) and the

police had no reasonable basis to search the car to locate evidence of that offense, id. at 343-44; see Knowles v. Iowa, 525 U.S. 113, 118 (1998).

Here, defendant was arrested based upon the probable cause that he was about to complete a drug transaction with an informant.  Defendant was surveilled driving from his girlfriend's apartment until he was stopped.  Unlike many cases where the traffic stop was the means to search the defendant or his vehicle and find contraband, cf. Gant, supra, 556 U.S. 332, here the offense that caused the stop was attempted drug trafficking.  The officers had probable cause to believe that defendant possessed contraband and was carrying it in his vehicle when he was stopped.  This was a search incident to arrest, see Chimel v. California, 395 U.S. 752 (1960); Thornton v. United States, 541 U.S. 615, 632 (2004) (Scalia, J., concurring in judgment) (reasonable to believe evidence relevant to the offense of arrest might be found in vehicle, search incident to arrest is reasonable).

This case is similar to California v. Acevedo, 500 U.S. 565, 567 (1991), where agents kept a package of marijuana under surveillance and followed it to an apartment where respondent picked up a paper bag that appeared to contain some of the marijuana from the package that he placed in the trunk of his car.  "Fearing the loss of evidence," the officers stopped respondent, opened the trunk and found the bag and marijuana, id. at 567.  The Supreme Court upheld the stop and search, concluding that the agents believed that the vehicle had the contraband, id. at 580 (id.), concluding that  "[t]he police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained," id. in it.

In the case at bar, an informant was to conduct a drug sale with defendant and defendant was followed going to the sale.  There was probable cause to believe that defendant had

11

contraband with him and in the vehicle to justify his arrest and the subsequent search of the

vehicle.  Defendant's motion to suppress the evidence seized from the vehicle should be **denied**.

III.     Suppress Defendant's Statements

   Defendant seeks to suppress statements he made following the stop and during the search

of his car (<u>see</u> Docket No. 19, Def. Atty. Reply ¶ 3).  He seeks a hearing as to the voluntariness

of his statements (<u>id.</u>), contending that his statements were not voluntary (Docket No. 26, Def.

Aff. ¶ 8).

   Despite the Government's argument that defendant had not sought a hearing, defendant

has moved for a hearing (<u>see also</u> Docket No. 19, Def. Reply ¶ 3) and there are issues of fact

surrounding his arrest and whether or when he was advised of his rights and the other

circumstances surrounding his statements.  Defendant's motion for a suppression hearing as to

his statements is **granted**; that hearing will be scheduled in a separate Order.

<b>CONCLUSION</b>

   Based upon the above, it is recommended that defendant's motion (Docket No. 17) to

suppress evidence seized pursuant to a search warrant be **denied** as there was probable cause to

issue that warrant; to suppress evidence seized during the traffic stop of his vehicle be **denied**.

Defendant's motion for a <u>Franks</u> hearing is **denied**.  His motion for a suppression hearing as to

his statements, however, is **granted** and will be scheduled in a separate Order.

12

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Cr. P. 59(b) (2) (effective December 1, 2009) and W.D.N.Y. Local Criminal Rule 58.2(a) (3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Criminal Rule 58.2(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

13

SO ORDERED.


_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
August 7, 2012